## PEOPLE OF STATE OF MICHIGAN
## v. THOMAS KOENIG.

220 N. W. 2d 825.

July 19, 1974—No. 44951.

*Murnane, Murnane, Battis & Conlin* and *James J.· Boyd,* for petitioner.

*Warren Spannaus,* Attorney General, *William B. Randall,* County Attorney, and *Steven C. DeCoster* and *Richard O'Reskie,* Assistant County Attorneys, for respondent.

PER CURIAM.

Petitioner, a juvenile under the laws of Minnesota, is threatened with extradition to the State of Michigan for criminal prosecution as an adult. We issued an alternative writ of prohibition staying further extradition proceedings pending final decision by this court. We now hold that the Ramsey County Juvenile Court has original and exclusive jurisdiction in this matter and consequently the alternative writ of prohibition is made absolute.

Petitioner is 17 years of age and resides with his family in Ramsey County, Minnesota. On December 17, 1973, the State of Minnesota filed a complaint in the municipal court for the city of St. Paul alleging that petitioner was wanted by Michigan authorities for the commission of a burglary, a felony under the laws of Michigan. Since petitioner had already been arrested and

detained pursuant to a Michigan fugitive warrant, bail was set by the municipal court.

On December 18, 1973, counsel for petitioner moved the Ramsey County Juvenile Court to have this extradition matter removed from the municipal court until such time as the juvenile court had terminated its exclusive and original jurisdiction. Counsel also moved the court to order the county attorney's office to proceed before the juvenile court pursuant to the Minnesota Juvenile Court Act. Both of these motions were denied by the juvenile court on the ground that it had nothing before it upon which to make a ruling.

On December 20, 1973, counsel for petitioner moved the St. Paul municipal court to dismiss the action before it upon the grounds that the court lacked jurisdiction over petitioner. This motion also was denied.

On February 13, 1974, the governor of Michigan made a formal demand that the governor of Minnesota cause the petitioner to be arrested and extradited to Michigan so that he might be prosecuted as an adult for the crime of burglary.[1] Upon application by counsel for petitioner, this court issued an alternative writ of prohibition dated February 26, 1974, staying proceedings in municipal court and requesting briefs from both parties. On February 27, 1974, the governor of Minnesota executed a rendition warrant for the arrest of petitioner, and consequently, on March 1, 1974, this court amended its order to direct the sheriff of Ramsey County and other peace officers and the district court to stay enforcement of the governor's warrant.

U. S. Const. art. IV, § 2, provides in part:

"A person charged in any state with treason, felony, or other crime, who shall flee from justice and be found in another state,

---

[1] In Michigan, the jurisdiction of the juvenile court extends only to persons under the age of 17. M. C. L. A. § 712A.2. Since the alleged criminal act in this case took place subsequent to petitioner's 17th birthday, it is certain that he will be prosecuted by Michigan as an adult.

shall on demand of the executive authority of the state from which he fled, be delivered up, to be removed to the state having jurisdiction of the crime."

To implement this constitutional requirement, the Minnesota Legislature has enacted a series of extradition procedures in Minn. St. 629.01 to 629.29.

The Minnesota Legislature has also enacted a Juvenile Court Act, Minn. St. 260.011 to 260.301. Section 260.011, subd. 2, of that act provides:

"The purpose of the laws relating to juvenile courts is to secure for each minor under the jurisdiction of the court the care and guidance, preferably in his own home, as will serve the spiritual, emotional, mental, and physical welfare of the minor and the best interests of the state; * * *. The laws relating to juvenile courts shall be liberally construed to carry out these purposes."

Under § 260.015, subd. 5(a), a child under 18 years of age who has violated any state or local law or ordinance (other than a traffic law) is a "delinquent child." Subd. 5(b) includes as a "delinquent child" one who has "violated * * * a law of another state and * * * been referred to the juvenile court." Section 260.111, subd. 1, provides that the juvenile court has "original and exclusive jurisdiction in proceedings concerning any child who is alleged to be delinquent * * *." A child can be brought before the juvenile court by petition (§ 260.131), or his case might be transferred from a court other than a juvenile court.[2] Once the juvenile court assumes its jurisdiction, a minor can be prosecuted for a criminal offense only if he is over 14 years of age and the court refers him to the proper authority for prosecution.

---

[2] Section 260.115 requires that unless a minor under 18 years has been referred to it for prosecution pursuant to § 260.125 or § 260.193, a court other than a juvenile court "shall immediately transfer to the juvenile court of the county the case of a minor who appears before the court on a charge of violating any state or local law or ordinance * * *."

Although the juvenile code is extremely comprehensive, the legislature has failed to specifically provide the juvenile court with jurisdiction in extradition cases. We must therefore look further for authority to vest exclusive jurisdiction in this case.

By enacting the Juvenile Court Act, Minnesota has demonstrated a strong interest in the welfare of juveniles who reside within its borders. In State ex rel. Knutson v. Jackson, 249 Minn. 246, 249, 82 N. W. 2d 234, 236 (1957), we said:

"* * * [T]here is general agreement on certain principles on which the juvenile court operates, such as the principle that children are not to be dealt with as criminals but as individuals in whose future welfare the community is concerned. The purpose of the court proceedings is to help the child, not to punish him. [Citation omitted.] The whole tenor of the Juvenile Court Act indicates that the sole purpose is the welfare of the delinquent as well as the dependent or neglected child."

This state interest is the same whether the alleged criminal act is purported to have taken place within Minnesota or in another state, and must be reconciled with Minnesota's duty under the United States Constitution to extradite Minnesota residents who are charged with criminal conduct in sister states. We therefore must conclude that the inherent powers of the court coupled with the liberal construction afforded our juvenile code do provide a basis for the exercise of jurisdiction by the juvenile court. The court may then exercise its discretion to determine whether this is a proper case for referral to the district court for disposition or extradition proceedings. This, we believe, strikes a proper balance between the dual responsibilities owed by Minnesota to its sister state and its juvenile resident.

Writ made absolute.